THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES ANSIL and
HARRY MAISTELMAN, Appellants, against CHIEF OF POLICE OF
THE CITY OF TROY, Respondent.

Third Department, November 15, 1944.

*James M. Noonan,* attorney for relators-appellants.

*Earle J. Wiley, District Attorney of Rensselaer County,* for respondent.

*Isadore Bookstein, amicus curiae.*

FOSTER, J. The relators herein sued out writs of habeas corpus which have been dismissed. The appeals are from separate orders of dismissal.

Appellants were charged with violations of section 199-a and subdivision 5 of section 200 of the Agriculture and Markets Law of the State by wrongfully possessing and intending to sell for food products the carcasses of two calves which had died otherwise than by slaughter, and which had been removed from the uterus of a slaughtered cow.

Section 199-a of article 17 of said law provides in substance that no person shall possess, offer or expose for sale any article of food which is adulterated within the meaning of said article. Section 200 defines adulterated food, and contains thirteen subdivisions. The information involved here charges a violation only of subdivision 5. The pertinent part of this section reads as follows: " Food shall be deemed to be adulterated: * * * 5. If it is the product of a diseased animal or of an animal which has died otherwise than by slaughter ".

While some question is raised as to the literal and technical construction of the information we think that fairly construed it means that the defendants removed from a slaughtered cow two unborn calves, and possessed them with intent to sell. The question therefore as to whether or not a crime was committed revolves upon whether unborn calves have a separate and independent existence in law from the mother cow, or whether they are products of the cow. We think that in the common view an unborn calf has no separate existence of its own apart from the mother, and must be considered as a part of the cow until born. We are not concerned with the question of whether unborn calves are desirable or palatable for human consumption. The only question before us is whether the information charges a crime. Criminal statutes must be strictly construed. Under the facts in the information there was not a violation of the subdivision charged.

The orders should be reversed, the writs sustained and the relators discharged.

All concur.

Orders reversed on the law, writs sustained and relators discharged, without costs.